IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FRANKLIN SAVAGE, et al.         *

    Plaintiffs         *   Case No. 1:16-cv-00201-JFM

v.         *

POCOMOKE CITY, et al.         *

    Defendants         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR A STAY

POCOMOKE CITY, RUSSELL BLAKE, BRUCE MORRISON, ERNEST CROFOOT, and WORCESTER COUNTY some of the Defendants, by KARPINSKI, COLARESI & KARP, P.A., DANIEL KARP and MICHAEL RYND, hereby respectfully request this Honorable Court issue an order staying all proceedings pending resolution of the appeals filed by Plaintiff Franklin Savage and Defendant State of Maryland. As grounds for the requested relief, Defendants Pocomoke City, Russell Blake, Bruce Morrison and Ernest Crofoot ("the Pocomoke Defendants") and Defendant Worcester County ("the County") state:

    1.    Regarding its inherent ability to control its docket, this Court stated:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n. 6, 118 S.Ct. 1761, 140 L.Ed.2d 1070 (1998) (same). Determining whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. In striking this balance, courts look to factors such as the length of the requested stay, the hardship that that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation. See, e.g., Vasvari

v. Rite Aid Corp., 09–cv–2069, 2010 U.S. Dist. LEXIS 86361, at *5, 2010 WL 3328210 (M.D.Pa. Aug. 23, 2010); see also Brandt v. BP PLC, 10–cv–1460, 2010 U.S. Dist. LEXIS 70507, at *5 (D.S.C. July 14, 2010).

In re Mut. Funds Inv. Litig., No. 04-MD-15863, 2011 WL 1540134, at *1 (D. Md. Apr. 20, 2011) (unreported). See also Popoola v. MD-Individual Practice Ass'n, Inc, No. CIV.A.DKC 2000-2946, 2001 WL 579774, at *4 (D. Md. May 23, 2001) (unreported) ("a district court has discretion to stay actions when proceedings in another matter involve similar issues." (citing 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1360 (2d ed.1990)). "The litigants in the two matters need not be the same." Id. (citing Landis, supra, 299 U.S. at 254).

2. On May 18, 2017, the State of Maryland filed a notice of appeal (Document 181) to the Fourth Circuit appealing the Court's denial of the application of absolute prosecutorial immunity asserted for Count IX of the Second Amended Complaint, pleaded against the State of Maryland by Plaintiff Franklin Savage related to the conduct Beau Oglesby, Esquire, State's Attorney for Worcester County

3. On June 27, 2017, Plaintiff Franklin Savage filed a notice of appeal (Document 193) appealing that portion of the Court's order entered in August 19, 2016 (Document 72), dismissing all claims against Mr. Oglesby on the basis that all claims against Mr. Oglesby are barred by the doctrine of absolute prosecutorial immunity.

4. On July 5, 2017, the State of Maryland filed a Motion to Stay Pending Appeal (Document 197). It is apparent that the State of Maryland intends to contest whether Mr. Oglesby and the Office of the State's Attorney can be subjected to discovery in this matter while the separate, but related appeals are pending.

5. The Pocomoke Defendants and the County now join the State of Maryland in requesting a

stay of all proceedings, but on grounds separate from the State of Maryland's bases.

6. The hardship the Pocomoke Defendants would endure if the relief of a stay is denied is significant and substantial. Plaintiff Franklin Savage's claims against the Pocomoke Defendants are inextricably intertwined with the alleged actions of Mr. Oglesby about which Mr. Savage has complained. Stated differently, it is the position of the Pocomoke Defendants that in the absence of the alleged actions of Mr. Oglesby, Mr. Savage would have experienced no adverse employment actions at the hands of any Pocomoke Defendants. Therefore, defense of the matter as to the Pocomoke Defendants will be unavoidably contingent upon Mr. Oglesby's participation in the litigation either as a party or, in the alternative, as a fact witness subject to discovery. Mr. Oglesby's role in either of those capacities will only be clarified pending resolution of the appeals noticed by Mr. Savage and the State of Maryland. In fairness to the Pocomoke Defendants, the matter must be stayed pending the outcome of those appeals.

7. A stay will cause no undue burden to Mr. Savage nor to Plaintiffs Kelvin Sewell and Lynell Green. First, Mr. Sewell and Mr. Green's claims against the Pocomoke Defendants are essentially grounded on the allegation that they endured retaliation at the hands of Pocomoke Defendants for their support for Mr. Savage. Therefore, Mr. Sewell's and Mr. Green's claims are derived in part from the same transaction giving rise to the appeals. Second, the structure of the case as pleaded is entirely the joint responsibility of Plaintiffs. In other words, Plaintiffs could have elected to file separate suits, but elected to bind themselves together in one action. Thus, any responsibility for delay engendered by one Plaintiff, such as Mr. Savage's appeal, is shared by all Plaintiffs.

8. A stay will promote judicial economy as the shape and scope of permissible discovery will become more focused after the appeals are resolved.

9. As to the other non-movants, the Worcester County Sheriff's Office Defendants have advised undersigned counsel that they consent to this Motion. The Maryland State Trooper Defendants have advised undersigned counsel that they also consent to this Motion.

10. Plaintiffs' have taken the position the County was an "employer" of Mr. Savage. Because it is entirely unclear from the Second Amended Complaint where Plaintiffs view that purported employment relationship as beginning and/or ending, the County joins in the request for a stay.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Pocomoke Defendants and Worcester County respectfully request this Honorable Court stay all proceedings pending resolution of the aforementioned appeals.

Respectfully submitted,

KARPINSKI, COLARESI & KARP, P.A.

BY:     /s/
      DANIEL KARP, #00877

    /s/
MICHAEL RYND, #28765
Suite 1850
120 East Baltimore Street
Baltimore, Maryland 21202
410-727-5000
Brunokarp@bkcklaw.com
mrynd@bkcklaw.com
Attorneys for Defendants Pocomoke City, Russell Blake, Ernest A. Crofoot, Bruce Morrison, and County Commissioners of Worcester County

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July 2017, a copy of the foregoing was electronically filed, with notice to:

All counsel of record.

_/s/_
_____
*Counsel for Defendants Pocomoke City, Russell Blake, Ernest A. Crofoot, Bruce Morrison and County Commissioners of Worcester County*
