**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| FRANKLIN SAVAGE et al., | |
| *Plaintiffs* | |
| *and* | |
| UNITED STATES OF AMERICA, | Case No. 1:16-cv-00201-ELH |
| *Intervenor-Plaintiffs,* | |
| v. | |
| POCOMOKE CITY, et al., | |
| *Defendants.* | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CROFOOT'S
NOTICE OF BANKRUPTCY AND MOTION TO STAY[1]**

Pursuant to this Court's Local Rule 105(2)(a), Plaintiffs Franklin Savage, Kelvin Sewell, and Lynell Green (collectively "Plaintiffs") oppose the stay suggested by Defendant Ernie Crofoot in the Notice of Filing of Case in Bankruptcy Court (ECF No. 234; "Notice") because the suggested stay is broader than the stay Congress actually provided by statute. This Court should order only the narrower stay that Mr. Crofoot is entitled to have.

**INTRODUCTION AND SUMMARY**

Mr. Crofoot is one party to discrimination and then retaliation that the Plaintiffs allege occurred while they were employed by the Pocomoke City Police Department. Mr. Crofoot

---

[1] Although Defendant Crofoot styled his recent filing as a "Notice of Filing of Case in Bankruptcy Court" (ECF No. 234), it appears to seek relief in the form of staying discovery against Mr. Crofoot that exceeds that allowed under the relevant authority. As such, Plaintiffs considered it a motion warranting response.

served as Pocomoke City's city manager and city attorney.  He most notably terminated Mr.

Savage's employment with the city,[2] a coup de grâce following slurs, other discrimination, and

recrimination against Mr. Savage.  Mr. Savage sued Mr. Crofoot in his individual capacity and in

his official capacity as city manager.[3]  Mr. Crofoot is also a likely fact witness to the other

Plaintiffs' claims: he was hired by Pocomoke City just before Mr. Sewell's firing (though he

officially started about five weeks after the firing) and held the position in the months leading up

to Mr. Green's constructive discharge from employment.

On August 6, 2018, Mr. Crofoot filed the Notice advising that he and his spouse had filed

for Chapter 7 bankruptcy.  The Notice suggested that Mr. Crofoot's bankruptcy filing would stay

all claims in this case against him "as well as any claims which are allegedly derived from his

conduct." Notice at 1-2.

Plaintiffs agree that Mr. Crofoot's bankruptcy filing automatically stays these

proceedings as to the claims brought against him in his individual capacity.  But that bankruptcy

filing has *zero* effect on the remaining parties and claims in this case, including the Plaintiffs'

claims against Pocomoke City.  Nor does the automatic stay bar Plaintiffs' taking discovery of

Mr. Crofoot as a fact witness to advance their claims against other defendants.

Because the Notice misstates the scope of the automatic stay imposed by the Bankruptcy

Code by improperly suggesting that the automatic stay extends beyond the claims against Mr.

Crofoot, Plaintiffs ask the Court to clarify the scope of the automatic stay to avoid future

confusion and disputes.

---

[2] Mr. Crofoot admitted to terminating Mr. Savage's employment. *See* Answer Presenting
Defenses (ECF No. 161) at ¶ 88 (citing Second Amended Complaint (ECF No. 80) at ¶ 224).

[3] Substitution for Mr. Crofoot in the official-capacity claims may be appropriate under Fed. R.
Civ. P. 25(d) because Mr. Crofoot recently resigned from his position.

**ARGUMENT**

Section 362(a)(1) provides that a debtor's filing a bankruptcy petition automatically stays actions or proceedings "against the debtor":

> The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1).[4]

By staying actions or proceedings "against the debtor," Section 362(a)(1) stays this Court's adjudication of Mr. Crofoot's individual liability for the injuries alleged in Counts XI and XII.  Plaintiffs concede that this stay by extension pauses Plaintiffs' ability to take party discovery against Mr. Crofoot in his capacity as a defendant.

But this stay is limited to actions or proceedings "against the debtor" and only "against the debtor."  Courts "interpret statutes by examining their plain language." *Shaw v. Sessions*, No. 17-1213, 2018 WL 3732551, at *6 (4th Cir. 2018).  There is nothing in Section 362 staying actions or proceedings against parties other than the debtor filing a bankruptcy petition.  The limitation to "the debtor" is indeed plain and unambiguous.

Section 362 thus provides no stay of an action or proceeding against the myriad other defendants in this case, including the Counts XI and XII in which Mr. Crofoot is just one defendant.  By suggesting that Section 362 stays all claims "allegedly derived from his conduct," Mr. Crofoot expands the stay beyond the limits Congress clearly delineated with the language "against the debtor."

---

[4] Although Mr. Crofoot cites 42 U.S.C. § 362(a) as the basis for his suggested stay of proceedings, the correct citation is 11 U.S.C. § 362(a).

Section 362's limitation to actions or proceedings "against the debtor" likewise does not bar Plaintiffs from propounding written discovery on and deposing Mr. Crofoot as a third-party fact witness.  Plaintiffs may do so even if claims have been stayed as to Mr. Crofoot's role as an individual-capacity defendant.  Courts consistently find that to be so.

For example, Section 362's automatic stay does not bar subpoenaing a debtor if the subpoena is issued to further discovery relating to claims against non-debtors that are continuing to proceed.  *In re Miller*, 262 B.R. 499, 507 (B.A.P. 9th Cir. 2001).  Put another way, the stay does not prevent a party from obtaining information "from the debtor through third-party discovery without the stay being lifted."  *In re Brotman Med. Ctr., Inc.*, 2008 WL 8444797, at *7 (B.A.P. 9th Cir. Aug. 15, 2008); *accord Peter Rosenbaum Photography Corp. v. Otto Doosan Mail Order Ltd.*, 2004 WL 2973822, at *3 (N.D. Ill. Nov. 30, 2004) (granting motion to compel compliance with third-party subpoena following automatic stay).  This is so even if the information to be elicited from the debtor may later be used against the debtor.  *Miller*, 262 B.R. at 507.

Courts have found the automatic stay inapplicable to discovery requests served on the debtor to advance claims in which the debtor is a defendant but not the only defendant in the case.  "[T]he automatic stay does not protect [the debtor] from complying with discovery requests in a multi-defendant action where the debtor . . . is a Defendant, but where the requests for discovery pertain to the claims against the other non-debtor Defendants . . . ."  *United Nat'l Funding, LLC v. Jet Direct Aviation, Inc.*, 2012 WL 2514929, at *4 (D. Nev. June 28, 2012)[5];

---

[5] This holding is consistent with courts' finding that Section 362 permits claims against the debtor's co-defendants to proceed despite the automatic stay, as discussed above.

*see also In re Kenoyer*, 489 B.R. 103, 117 (Bankr. N.D. Cal. 2013) (same conclusion after debtor had been severed from a case).

Plaintiffs thus seek the Court's clarification that although Mr. Crofoot's participation in this case as a defendant has been stayed automatically, he is susceptible to third-party discovery propounded against him to advance claims against other defendants—including Counts XI and XII in which Mr. Crofoot is just one of multiple defendants.

With discovery about to start, Mr. Crofoot may find little practical effect from the automatic stay: he will be subject to discovery through third-party subpoena instead of through a party discovery request, and Plaintiffs have every intent of availing themselves of that discovery. But the limited practical effect does not change what courts have consistently held about Section 362(a)(1). The automatic stay neither halts the Plaintiffs' claims against the other defendants nor excuses Mr. Crofoot from providing evidence for those claims.

## CONCLUSION

Plaintiffs understand the statutory directive that stays Mr. Crofoot's participation in this case as a defendant. But bankruptcy cannot be an excuse for further delaying all or most of this case; two-and-a-half years is a long enough wait to start discovery. The courts are clear: the automatic stay permits no such delay of these proceedings.

Plaintiffs request this Court's clarification that the automatic stay provided under 11 U.S.C. § 362(a)(1) allows all claims—including Counts XI and XII—to proceed against other defendants and does not bar discovery sought from Mr. Crofoot as a fact witness possessing information relevant to those claims against the other defendants.

Dated: August 20, 2018

Respectfully submitted,

/s/ Dennis A. Corkery
Dennis A. Corkery (D. Md. Bar No. 19076)
**WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
TEL: 202.319.1000
FAX: 202.319.1010
EMAIL: dennis_corkery@washlaw.org

/s/ Craig Smith
Craig Smith (D. Md. Bar No. 17938)
Theodore A. Howard (*pro hac vice*)
Brian G. Walsh (*pro hac vice*)
Kendra P. Norwood (D. Md. Bar No. 18536)
**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
TEL: 202.719.7000
FAX: 202.719.7049
EMAIL: csmith@wileyrein.com

/s/ Deborah A. Jeon
Deborah A. Jeon (D. Md. Bar No. 06905)
Sonia Kumar (D. Md. Bar No. 07196)
**ACLU of Maryland**
3600 Clipper Mill Road, Suite 350
Baltimore, MD 21211
TEL: 410.889.8555
FAX: 410.366.7838
EMAIL: jeon@aclu-md.org

*Counsel for Plaintiffs Franklin Savage,
Kelvin Sewell, and Lynell Green.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 20, 2018, I electronically filed the foregoing with the Clerk of the

Court for the United States District Court for the District of Maryland by using the CM/ECF

system.  All participants in the case are registered CM/ECF users and will be served by the

CM/ECF system.


/s/ Craig Smith
Craig Smith (D. Md. Bar No. 17938)